# STATE OF MICHIGAN

# COURT OF APPEALS

ZAID SAFDAR,

        Plaintiff-Appellee,

v

DONYA AZIZ,

        Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 336590
Oakland Circuit Court
LC No. 2016-839363-DM

Before: TALBOT, C.J., and BECKERING and CAMERON, JJ.

PER CURIAM.

Defendant, Donya Aziz, appeals as of right a judgment of divorce entered by the Oakland Circuit Court. The sole issue raised in this appeal is whether the trial court erred by denying Aziz's request for payment of her attorney fees. We affirm.

A trial court's ruling regarding attorney fees in a divorce action is reviewed for an abuse of discretion, which occurs "when the result falls outside the range of principled outcomes."[1] The trial court's findings of fact are reviewed for clear error.[2] "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made."[3]

In domestic relations actions, the trial court is authorized by statute to order a party "to pay any sums necessary to enable the adverse party to carry on or defend the action . . . ."[4] Likewise, pursuant to MCR 3.206(C),

---

[1] *Richards v Richards*, 310 Mich App 683, 699; 874 NW2d 704 (2015).

[2] *Id*. at 700.

[3] *Id*., quoting *Gates v Gates*, 256 Mich App 420, 422-423; 664 NW2d 231 (2003) (quotation marks omitted).

[4] *Cassidy v Cassidy*, 318 Mich App 463, 480; 899 NW2d 65 (2017), quoting MCL 552.13(1) (quotation marks omitted).

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, and that the other party is able to pay . . . .

The party seeking payment of attorney fees bears the burden of demonstrating his or her entitlement to an award of fees.[5]

On appeal, Aziz argues that the trial court erred by failing to award attorney fees despite the vast disparity in the parties' income and evidence that she was unable to pay the balance owed to her attorney, while plaintiff, Zaid Safdar, has the ability to so. In support of her position, Aziz relies almost exclusively on this Court's opinion in *Stallworth v Stallworth*, wherein we affirmed the trial court's decision to award attorney fees to the plaintiff, based on the following reasoning:

Because plaintiff's yearly income is less than the amount she owed her attorney, she sufficiently demonstrated her inability to pay her attorney fees. Furthermore, defendant earns more than double what plaintiff earns in a year, which demonstrated his ability to contribute to plaintiff's attorney fees. Under these circumstances, the trial court's ruling was within the range of reasonable and principled outcomes.[6]

Since *Stallworth* was decided in 2007, it has occasionally been cited for the proposition that a party has always demonstrated an inability to pay attorney fees if his or her annual income is less than the amount owed.[7] But more recently, this Court has clarified that its explanation in *Stallworth* should not be construed as a bright-line rule that must be strictly enforced.[8] Instead, *Stallworth* is properly read as a mere example of one instance in which the party seeking attorney fees satisfied the burden of demonstrating an inability to pay.[9] In any event, whether a party has established entitlement to an award of attorney fees is always "dependent on the particular facts and circumstances of each case," giving "special consideration to the specific financial situations of the parties and the equities involved."[10] For the same reason, we will not construe *Stallworth*

---

[5] *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007).

[6] *Stallworth v Stallworth*, 275 Mich App 282, 288-289; 738 NW2d 264 (2007).

[7] See, e.g., *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010).

[8] *Loutts v Loutts (After Remand)*, 309 Mich App 203, 216-218; 871 NW2d 298 (2015).

[9] *Id*. at 217.

[10] *Id*. at 217-218 (quotation marks and citation omitted).

as suggesting that when one party "earns more than double what [the adverse party] earns in a year,"[11] that party necessarily has the ability to pay the adverse party's attorney fees. In other words, while the rationale set forth in *Stallworth* can be viewed as persuasive in the context of similar facts, it is not dispositive of the issue presented in the present matter.

In denying Aziz's request for attorney fees, the trial court found that an award of attorney fees was not warranted because

> [t]here was testimony that both parties had to borrow money to proceed/defend this action. This is not a case where it is clear that one party is able to bear the expense and the other is not. Rather, both parties are financially limited in different ways at this time.

The trial court's factual findings regarding the parties' respective inabilities to pay were clearly supported by the record. Aziz testified that she had been unemployed since she relocated to the United States in March 2013. Although she owned real estate in Pakistan and Texas, the properties did not provide a source of income. She had been living with her aunt since July or August of 2015 and was not required to contribute to household expenses. The amounts she had previously paid her attorney were advanced by Safdar or borrowed from her family. Nonetheless, given her lack of employment at the time of the trial court's decision she had no means of paying the balance owed to her attorney—which exceeded $81,000 at the conclusion of the bench trial—without turning to assets she relied upon for her support. Safdar, on the other hand, made a net salary of approximately $137,000 annually and had secured a raise of approximately $8,000 that he anticipated would take effect by the end of 2016.[12] However, he also had significant pre- and postmarital debts and was ordered to pay spousal and child support in excess of $3,000 each month. According to Safdar, his monthly expenses exceeded his income and he was forced to pay his own attorney fees with a credit card. Under these circumstances, the trial court's decision to refrain from awarding attorney fees to Aziz was not outside the range of principled outcomes. While Aziz may have satisfactorily demonstrated that she was unable to bear the expense of the action, she did not establish the second requirement for an award of fees under MCR 3.206(C)(2)(a), i.e., that Safdar had the ability to pay her attorney fees.

Additionally, in the context of determining Safdar's spousal and child support obligations, the trial court repeatedly observed that Aziz is a highly educated individual with an impressive professional background. In light of her credentials, the trial court expressly opined that she was capable of earning a reasonable, and likely substantial, income within a short period of time. Again, these findings were well supported by the record. Aziz holds a bachelor's degree in medicine and surgery from her education in Pakistan, which she referred to on her resume as the equivalent of an MD in the United States, as well as a second bachelor's degree in science. She also has 15 years of experience in senior leadership roles in the Pakistani

---

[11] *Stallworth*, 275 Mich App at 289.

[12] Safdar is exempt from income tax withholding and is paid in "net" terms.

government, having served as a member of parliament and parliamentary secretary. While Aziz testified that she had trouble obtaining employment in the past because her experience and education were limited to a foreign setting, she also attributed her difficulties to the frequent moves she made for Safdar's benefit. As she will no longer have to relocate to accommodate Safdar's job, this difficulty should not continue to impede her job search. Moreover, as noted by the trial court, Safdar's vocational expert identified a number of lucrative employment opportunities that might fit Aziz's qualifications. Although Aziz expressed reservations about her qualification for most of the positions identified by the vocational expert, her concerns were largely speculative, and she acknowledged that she had not made any effort to find employment since the underlying lawsuit was initiated in February 2016. The trial court's conclusion that Aziz should not have great difficulty securing suitable employment within a reasonable period of time was well reasoned and lends further support to its ultimate decision to deny Aziz's request for attorney fees.

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Thomas C. Cameron

-4-